*885 OPINION.
Love:
In this case we are asked to decide that the Commissioner erred in refusing to allow obsolescence of $62,211.12 on petitioner’s buildings that were used in years subsequent to the taxable years. The Commissioner did allow obsolescence to a satisfactory amount on buildings the use of which ceased on advent of prohibition. It may be pointed out that obsolescence to be allowable in 1918, must be determined and computed in the light of conditions and reasonable prospects as they then existed, and not in the light of subsequent history and experience. At the close of 1918 petitioner’s officers knew they would be compelled to cease making beer, and that the profits that had been made in that business would cease. They at once embarked in a new industry, using a part of their equipment. It is reasonable to assume that they expected the new line of business to prove profitable, perhaps not as profitable as the former business, but nevertheless profitable. If subsequent history had *886 brought about a realization of such hopes and expectations, no obsolescence would have been allowable for those buildings so used. Those officers knew in 1918, and even in 1917, that some of their buildings would become useless at the end of 1918. The Commissioner has allowed obsolescence on those buildings. They did not, however, know that the other buildings would so become useless, or even unprofitable. They did not then anticipate the non-usage of those buildings. It took subsequent history and experience to ascertain the fact of their worthlessness. The loss of those buildings, if deductible at all, is allocable to some year subsequent to 1918.
This decision would necessarily be adverse to petitioner on another ground.
We have in the record only the book value of the buildings as of January 1, 1913 (which may be accepted as book value as of March 1, 1913). We do not know that such values are the market values as of the date named. We do not know costs or rates of depreciation applicable. We might concede that on December 31, 1918, those buildings became, and were known to be, worthless, and yet we have no basis to determine the amount of loss sustained.
It is true that petitioner in its brief made a computation based on testimony of one witness as to his, conclusions that the aggregate value of those buildings as a result of prohibition was $62,211.12 less, after prohibition became effective, than prior thereto, but such testimony is not the kind of evidence required to determine the measure of the deduction for obsolescence, nor is it persuasive that these particular buildings would become obsolete at some date in the future at a time capable of being fairly definitely determined.

The deficiency is redetermined in the amount of $3^667.fi9. Order will be entered accordingly.